LOVE R. HATCH *vs.* NATHANIEL DONNELL.

Sagadahoc.   Opinion November 17, 1882.

*Trespass.*

An entry on the land of another without license and without express or implied permission from the owner, is a trespass.

ON REPORT.

Trespass *quare clausum.* The declaration sets out different acts of trespass; that in 1880, the defendant, when plowing his own land, drove his horse and plow upon and over the plaintiff's land, injuring her trees, etc.; and in 1881, the defendant plowed and cultivated other lands of the plaintiff. The act of driving his horse upon plaintiff's land in 1880, was not denied by the defendant; but the acts of 1881, defendant claimed were upon his own land. The parties owned adjoining lots and the dividing line was in dispute; and the acts complained of in 1881, were upon the disputed territory which he plowed and cultivated.

*William T. Hall,* for the plaintiff.

*J. W. Spaulding and F. J. Buker,* for the defendant.

APPLETON, C. J.   This is an action of trespass for breaking and entering the plaintiff's close. The lots of the plaintiff and defendant are adjacent. The defendant when plowing his land, brought his horse and plough on the plaintiff's land, treading down her grass and knocking off bark from her trees. This is the trespass complained of.

The defendant had no right of entry on the plaintiff's land. His entry was a trespass. Permission was not asked nor license given. The plaintiff in no way consented and the defendant never asked consent. The parties rely on their strict legal rights, neither asking of nor giving any favor to the other.

The relation of the parties, — the sedulous care of each to preserve existing rights, — negatives the idea of implied equally as of express permission or license.

In *Harmon* v. *Harmon*, 61 Maine, 222, and in *Lakin* v. *Ames*, 10 Cush. 198, there was the fact of relationship between the parties, from which with other circumstances license was inferred. Here, there was no such fact. No friendly relations were existing between the parties. Their attitude was mutually adverse.

The damages are merely nominal.

*Judgment for the plaintiff for one dollar.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.